IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL NEAL SOECHTING, | § | |
| | § | |
| *Plaintiff,* | § | SA-23-CV-00524-ESC |
| | § | |
| vs. | § | |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY, | § | |
| | § | |
| *Defendant.* | § | |

## **<u>ORDER</u>**

This order concerns Plaintiff's request for review of the administrative denial of his application for a period of disability and disability insurance benefits ("DIB") under Title II. 42 U.S.C. §§ 405(g), 1383(c)(3). On February 22, 2024, the parties appeared through counsel before the Court for oral argument on the issues raised in this case. Plaintiff argues that the Commissioner—through the Administrative Law Judge ("ALJ")—failed to satisfy his burden at step five to find Plaintiff capable of performing other work in the national economy due to Plaintiff's advanced age and lack of transferable work skills.

After considering Plaintiff's Opening Brief [#13], Defendant's Brief in Support of the Commissioner's Decision [#14], the transcript ("Tr.") of the Social Security Administration ("SSA") proceedings [#7], the other pleadings on file, the applicable case authority and relevant statutory and regulatory provisions, the parties' oral arguments at the Court's hearing, and the entire record in this matter, the Court concludes that no reversible legal error was committed during the proceedings, and substantial evidence supports the Commissioner's decision finding Plaintiff not disabled. The Court will therefore affirm the opinion of the Commissioner.

1

## I. Jurisdiction

This Court has jurisdiction to review a decision of the Social Security Administration ("SSA") pursuant to 42 U.S.C. § 405(g). The undersigned has authority to enter this Order pursuant to 28 U.S.C. § 636(c)(1), as all parties have consented to the jurisdiction of a United States Magistrate Judge [#11].

## II. Legal Standards

In reviewing the denial of benefits, the Court is limited to a determination of whether the Commissioner, through the ALJ's decision,[1] applied the proper legal standards and whether the Commissioner's decision is supported by substantial evidence. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla, less than preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). The Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence and credibility assessments are for the Commissioner, not the court, to resolve. *Id.* While substantial deference is afforded the Commissioner's factual findings, the Commissioner's legal conclusions, and claims of procedural error, are reviewed *de novo*. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

In determining if a claimant is disabled, the Commissioner uses a sequential, five-step approach, which considers whether: (1) the claimant is currently engaged in substantial gainful

---

[1] In this case, because the Appeals Council declined to review the ALJ's decision, the decision of the ALJ constitutes the final decision of the Commissioner, and the ALJ's factual findings and legal conclusions are imputed to the Commissioner. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005); *Harris v. Apfel*, 209 F.3d 413, 414 (5th Cir. 2000).

activity, (2) he has a severe impairment, (3) the impairment meets the severity of an impairment enumerated in the relevant regulations, (4) it prevents the claimant from performing past relevant work, and (5) it prevents him from doing any relevant work. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). If the claimant gets past the first four stages, then the burden shifts to the Commissioner on the fifth step to prove the claimant's employability. *Id.* A finding that a claimant is not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

### III. Factual Background

Plaintiff Michael Neal Soechting filed his application for DIB in June 2020, alleging disability beginning October 10, 2019. (Tr. 192.) At the time of his DIB application, Plaintiff was 63 years old, meaning at all times relevant to the Commissioner's and ALJ's adjudication, Plaintiff was an individual "closely approaching retirement age." (*Id.*) Plaintiff has a college degree in finance and work experience as a "portfolio manager" for a mortgage loan servicing company and "custom specialist" related to border protection in the gas industry between United States and Canada. (Tr. 43, 46, 208.) The medical conditions upon which Plaintiff based his initial DIB application are bipolar disorder, manic depression, schizophrenia, gout, and knee and leg issues. (Tr. 207.) Plaintiff's applications were denied initially on August 11, 2021, and again upon reconsideration on April 14, 2022. (Tr. 62–88.)

Following the denial of his claim, Plaintiff requested an administrative hearing. Plaintiff, his non-attorney representative, and a vocational expert ("VE") attended the administrative hearing before ALJ Mark Swayze on October 6, 2022. (Tr. 32–61.) Plaintiff and the VE provided testimony at the hearing. (*Id.*) At the hearing, Plaintiff's representative argued that

3

Plaintiff's mental impairments do not allow him to return to his previous skilled work.  (Tr. 40.)  The VE testified that an individual of Plaintiff's age, education, and work experience with the capacity to perform the full range of work at all exertional levels but with some mental limitations could not perform Plaintiff's past relevant work.  (Tr. 55–56.)  But the VE found that Plaintiff could perform the work of hand packager (which is classified at a medium exertional level), housekeeper (light exertional level), cashier (light exertional level), document preparer (sedentary exertional level), telephone solicitor (sedentary exertional level), and table worker (sedentary exertional level).  (Tr. 55–57.)

The ALJ issued an unfavorable decision on October 25, 2022.  (Tr. 12–25.)  The ALJ found that Plaintiff met the insured-status requirements of the SSA and applied the five-step sequential analysis required by SSA regulations.  At step one of the analysis, the ALJ found that Plaintiff did not engage in substantial gainful activity between October 10, 2019, the alleged disability onset date, through the date of last insured.  (Tr. 16.)  At step two, the ALJ found Plaintiff to have the severe mental impairments of bipolar disorder, major depressive disorder, and generalized anxiety disorder but no severe physical impairments.  (Tr. 16–18.)

At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal the severity of one of the listed impairments in the applicable Social Security regulations so as to render Plaintiff presumptively disabled.  (Tr. 18–19.)  Before reaching step four of the analysis, the ALJ found Plaintiff retains the residual functional capacity ("RFC") to perform a full range of unskilled work at all exertional levels but imposed various non-exertional limitations.  (Tr. 20–23.)  Based on this RFC, the ALJ concluded Plaintiff is unable to perform his past relevant work.  (Tr. 23.)

At step five, the ALJ concluded, based on the VE testimony, that Plaintiff is capable of making a successful adjustment to other work existing in significant numbers in the national economy, specifically the work of a document preparer, housekeeper/cleaner, and table worker, jobs performed at the sedentary and light exertional levels. (Tr. 24–25.) The ALJ also referenced Section 204.00 of the Medical-Vocational Guidelines in issuing his opinion, noting that a finding of "not disabled" is appropriate under the framework established by Rule 204.00. (Tr. 25.) Accordingly, the ALJ determined that Plaintiff is not disabled for purposes of the Act, and therefore not entitled to receive DIB. (*Id.*)

Plaintiff requested review of the ALJ's decision, but the Appeals Council denied review on March 29, 2023. (Tr. 1–6.) On September April 25, 2023, Plaintiff filed the instant case, seeking review of the administrative determination.

## IV.  Analysis

Plaintiff raises one point of error in this appeal. Plaintiff argues the ALJ erred in finding Plaintiff not disabled at step five, where the ALJ found Plaintiff capable of performing three light and sedentary jobs in the national economy even though Plaintiff is 66 years of age with no transferable job skills. Plaintiff argues that the Medical-Vocational Guidelines direct a finding of disability where a person is of "advanced age" (55 and over), is unable to perform his past relevant work, does not have any transferable work skills, and is limited to light and sedentary work. *See* 20 C.F.R. Part 404, Subpart P, App'x 2, § 202.00(c). Plaintiff further argues that this rule is predicated on the concept that the capacity to perform a full range of light work, an occupational base which consists of "approximately 1,600 separate sedentary and light unskilled occupations," "provides sufficient occupational mobility" for those who are not yet of advanced age but falls short of meeting that threshold for a person of advanced age, who is understood to

be more "significantly limited in vocational adaptability." *Id.* § 202.00(b)–(c).  Because the ALJ only gave three examples of unskilled jobs occupations in the national economy, which are performed at the sedentary and light level, Plaintiff contends that the ALJ failed to satisfy his burden to demonstrate that there are a "significant number" of occupations in the national economy Plaintiff (who is beyond advanced age) can perform.

Plaintiff's brief also advances a related sub-argument pertaining to Section 204.00 of the Medical-Vocational Guidelines.  Plaintiff maintains that the ALJ erred in referring to this section, which pertains to claimants who are limited to the maximum sustained work capability of heavy or very heavy work.  *See id* § 204.00.  According to Plaintiff, it was error for the ALJ to reference Section 204.00, where the ALJ has not produced any evidence that Plaintiff's potential occupational base includes any heavy or very heavy work, as the ALJ "found only that Plaintiff can perform two sedentary occupations, and one light occupation" and the VE only identified one medium occupation in his hearing testimony.

There are a number of flaws in Plaintiff's arguments.  First, it is Plaintiff's—not the Commissioner's—burden to establish that his medical conditions impose exertional limitations pertaining to his ability to work.  *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).  Here, the ALJ found at step two that Plaintiff failed to provide evidence of any severe physical impairment.  (Tr. 17.)  The ALJ concluded that the evidence Plaintiff submitted demonstrated that his physical impairments of arthritis, gout, knee problems, and obesity were non-severe (i.e., that these conditions had no more than a minimal effect on his ability to perform basic work activities).  (*Id.*)  Further, the ALJ found that Plaintiff failed to provide any evidence that these non-severe impairments caused him any exertional limitations.  (Tr. 22.)  Plaintiff has not argued that the ALJ's step two or RFC determination were erroneous—either because they are

unsupported by substantial evidence or because the ALJ committed legal error in making these determinations.  Accordingly, Plaintiff has not carried his burden to prove that he is limited to light and sedentary work—or work of any specific exertional level for that matter.

Section 202.00 of the Medical-Vocational Guidelines applies to claimants who have a maximum sustained work capability "limited to light work as a result of a severe medically determinable impairment."  *See* 20 C.F.R. Part 404, Subpart P, App'x 2, § 202.00.  Plaintiff has not demonstrated that he has a severe medically determinable impairment, and he has not demonstrated that he is limited to light work.  Plaintiff's argument that Section 202.00 provides a framework for considering his advanced age and lack of transferable skills or somehow informs the Commissioner's analysis or this Court's decision is erroneous in light of Plaintiff's failure to prove a severe medically determinable impairment resulting in exertional limitations.

Because Plaintiff failed to prove he has any exertional limitations, the ALJ imposed an RFC that Plaintiff can perform work at all exertional levels—from sedentary to heavy work.  (Tr. 20.)  Where a claimant has only non-exertional impairments, as here, the Medical-Vocational Guidelines "do not direct conclusions of disabled or not disabled," and Section 204.00 provides a "framework" for decision making.  Titles II & XVI: Capability to Do Other Work-The Medical-Vocational Rules As A Framework for Evaluating Solely Nonexertional Impairments, SSR 85-15 (S.S.A. 1985).  Section 204.00 provides:

> The residual functional capacity to perform heavy work or very heavy work includes the functional capability for work at the lesser functional levels as well, and represents substantial work capability for jobs in the national economy at all skill and physical demand levels.  Individuals who retain the functional capacity to perform heavy work (or very heavy work) ordinarily will not have a severe impairment or will be able to do their past work—either of which would have already provided a basis for a decision of "not disabled".  Environmental restrictions ordinarily would not significantly affect the range of work existing in the national economy for individuals with the physical capability for heavy work (or very heavy

> work).  Thus an impairment which does not preclude heavy work (or very heavy work) would not ordinarily be the primary reason for unemployment, and generally is sufficient for a finding of not disabled, even though age, education, and skill level of prior work experience may be considered adverse.

20 C.F.R. § Pt. 404, Subpt. P, App. 2, § 204.00.  The ALJ did not err in relying on Section 204.00 as a framework for his decision.

Nor has Plaintiff provided the Court with any authority for the proposition that Plaintiff's age of 66 years somehow alters the framework or imposes an additional burden on the Commissioner to prove employability at step five.  Section 204.00 expressly states that an ability to perform heavy work generally supports a finding of non-disability "even though age . . . may be considered adverse."  *Id.*  Accordingly, the Medical-Vocational Guidelines expressly favor a finding of non-disability where there are no exertional limitations, even where the claimant is of advanced age.

Finally, Plaintiff has not persuaded the Court that the ALJ erred in relying on VE testimony at step five by identifying only light and sedentary jobs that Plaintiff has the RFC to perform, rather than also identifying jobs at the heavy exertional level.  Again, Plaintiff does not provide the Court with any legal authority suggesting that the *capacity* to perform a full range of work at all exertional levels requires identifying specific jobs at all exertional levels that the claimant can perform.  Nor has Plaintiff provided the Court with authority that the ALJ was required to conduct some further assessment of whether the light and sedentary jobs identified by the ALJ actually represent a significant threshold of jobs in the national economy in light of Plaintiff's age or other specific characteristics.

The only case Plaintiff could identify at the Court's hearing that he indicated might support his argument is a case out of the Third Circuit, *Boone v. Barnhart*, 353 F.3d 203 (3d Cir.

2003), as amended (Dec. 18, 2003).  The Court finds this case inapposite.  In *Boone*, the claimant argued that the Commissioner's step five determination was not supported by substantial evidence, where the claimant was found to be capable of performing a limited range of light work with additional non-exertional limitations.  353 F.3d at 204.  Specifically, the ALJ found that Boone must be permitted to sit and stand at will every 30 minutes.  *Id.* at 205.  Boone contended that, because she was not capable of the full range of light work and instead had an exertional capacity falling between established categories, the ALJ was required to expressly "consider the extent of any erosion of the occupational base and assess its significance" under SSR 83-12.  *Id.* at 210 (citing Titles II & XVI: Capability to Do Other Work-The Medical-Vocational Rules As A Framework for Evaluating Exertional Limitations Within A Range of Work or Between Ranges of Work, SSR 83-12 (S.S.A. 1983)).  The Third Circuit agreed, noting that SSR 83-12 specifies that if a person "must alternate periods of sitting and standing," then a VE "should be consulted to clarify the implications for the occupational base."  *Id.* at 210; *see also* SSR 83-12, at *4.  Because the VE never provided any testimony regarding the effect of Boone's sitting and standing limitation on the identified occupational base, the Third Circuit determined it could not "assume that the ALJ's finding that Boone can perform a limited range of light work means that she can perform a significant number of jobs in the economy."  *Boone*, 353 F.3d at 211.  Thus, the Third Circuit found substantial evidence did not support the ALJ's step five decision.  *Id.*

*Boone* was not a case that might fall within the framework of Section 204.00.  The claimant in *Boone* had proved exertional limitations—significant ones.  Nor has Plaintiff explained why the SSA decision underlying the Third Circuit opinion in *Boone* (SSR 83-12), which addresses situations in which a claimant has exertional limitations falling within a range of

work, would have any bearing on this case, where Plaintiff has no exertional limitations whatsoever. Moreover, internal instructions for SSA employees adjudicating disability claims expressly contradict Plaintiff's position.

SSA publishes a Program Operational Manual System (POMS), which is to be used as an operational reference by SSA staff in making disability determinations. POMS DI 25025.010 addresses how to use Rule 204.00 as a framework for a disability determination. DI 25025.010 Using Rule 204.00 as a Framework for a Determination, SSA POMS DI 25025.010. This rule specifies that where there are no exertional limitations, and Rule 204.00 applies as a framework for the decision, as here, SSA does "not need to consider the additional impact" that other factors, such as physical allegations of pain, "would have on the occupation base."

"While POMS guidelines do not have the force and effect of law, they do have some value, effect, and persuasive force." *Taylor v. Saul*, No. 4:18-CV-00765-O-BP, 2019 WL 4667515, at *4 (N.D. Tex. Sept. 25, 2019) (internal quotation and citation omitted). POMS "may be viewed as binding on an ALJ in a case that falls squarely within one of the provisions." *Id.* In light of DI 25025.010's directive that the Commissioner need not consider the erosion of the occupational base in cases falling within Rule 204.00, the ALJ did not commit reversible error by not further considering whether Plaintiff—due to advanced age or some other consideration—could actually perform a significant number of jobs in the national economy.

Accordingly, the ALJ was entitled to rely on the VE testimony that Plaintiff could perform a significant number of jobs in the national economy. *Masterson v. Barnhart*, 309 F.3d 267, 273 (5th Cir. 2002). Significantly, Plaintiff's representative never cross-examined the VE or presented any contrary evidence on the adequacy of the VE testimony pertaining to step five. *See Perez v. Barnhart*, 415 F.3d 457, 465 (5th Cir. 2005) (where claimant fails to challenge VE

testimony at the hearing, claimant cannot later argue the VE's testimony was erroneous or unreliable).  The VE testimony in this case therefore provides substantial evidence for the ALJ's step five determination.

In summary, Plaintiff has not identified any legal error in the ALJ's step five determination, and substantial evidence supports the ALJ's decision finding Plaintiff not disabled.

## V.  Conclusion

Based on the foregoing, the Court finds that no reversible error was committed during these proceedings and substantial evidence supports the Commissioner's finding that Plaintiff is not disabled.  Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's decision finding that Plaintiff is not disabled is **AFFIRMED**.

SIGNED this 27th day of February, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE